UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

SAMUEL DIETRICH,
*Inmate Identification No. 423-732,*

    Plaintiff,

v.

JCI INSTITUTION,
CORPORAL CHRISTOPHER KIVYATU,
LT. CARLYL,
CAPTAIN STEVEN ROWLAND,
SERGEANT ROBERT JORDAN and
SERGEANT WAYNE MOONEY,

    Defendants.[1]

Civil Action No. TDC-17-0145

## MEMORANDUM OPINION

Samuel Dietrich, an inmate now confined at Maryland Correctional Institution at Hagerstown, has filed a civil action against Jessup Correctional Institution ("JCI") and JCI correctional personnel Corporal Christopher Kivyatu, Lieutenant Carlyl, Captain Steven Rowland, Sergeant Robert Jordan, and Sergeant Wayne Mooney (collectively, the "Individual Defendants"). Dietrich states that on April 26, 2016, he was subjected to unsafe conditions of confinement, in violation of the Eighth Amendment to the United States Constitution, when a light fixture on the ceiling of his cell fell on him, causing injuries to his back and neck.

All defendants have been served with the exception of Lt. Carlyl, who retired on April 1, 2017. The served defendants ("Defendants") have filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment and have attached declarations from four

---

[1] The Clerk shall amend the docket to reflect the proper titles and full names of the Defendants.

Defendants, the Litigation Coordinator of the Maryland Department of Public Safety and Correctional Services, and the Executive Director of the Inmate Grievance Office. The Clerk informed Dietrich that, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Dietrich had 17 days to file a memorandum in opposition to the Motion, and that if he failed to respond, summary judgment could be entered against him without further notice. Dietrich did not respond. Although the Court has learned that Dietrich was transferred out of JCI, Dietrich has not provided the Court with his new address, in violation of Local Rule 102.1(b)(iii). Although this violation is sufficient to warrant dismissal of the Complaint, the Court will nevertheless address the merits of Dietrich's allegations.

Upon review of the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Court will grant the Motion.

## BACKGROUND

On April 26, 2016, Dietrich was housed in the Disciplinary Segregation Unit, B-Building, C-Wing of JCI. At approximately 10:00 a.m., a ceiling light in Dietrich's cell broke and fell on Dietrich, hitting his neck and back and leaving him immobilized on the floor waiting for medical treatment. At 10:50 a.m., Defendant Wayne Mooney, one of the JCI correctional officers assigned to Dietrich's housing unit, observed Dietrich lying on the floor of his cell. Dietrich told Mooney that he could not move. Mooney then notified the JCI medical staff.

The next day, on April 27, 2016, Dietrich filed an Administrative Remedy Procedure grievance ("ARP"), alleging that he injured by the light, that he "was left on the floor for over 30 min[utes] waiting on medical treatment," and that JCI officials failed to notify his family. Compl. Ex. 1 at 7, ECF No. 1-1.[2] On May 31, 2016, the Institutional ARP Coordinator

---

[2] The page numbers for this Exhibit are the numbers assigned by the CM/ECF system.

dismissed the ARP for procedural reasons, on the grounds that additional information was needed to process the grievance. On June 13, 2016, Dietrich appealed this decision to the Maryland Commissioner of Correction, but the Commissioner "was unable to determine [Dietrich's] intent" and rejected the appeal on June 30, 2016. *Id.* at 11. Dietrich never appealed this decision to the Inmate Grievance Office ("IGO").

Dietrich filed separate ARPs on April 28, 2016, June 3, 2016, and June 17, 2016, alleging similar claims stemming from this incident, two of which were rejected on procedural grounds. On June 13, 2016, Dietrich wrote a letter to the Commissioner of Correction, stating that he was including "every ARP that I put in regarding this matter and every one they fail[e]d to answer any of them." Compl. Ex. 1 at 1, ECF No. 1-1. It is unclear what ARPs were attached to this letter, or even if it was actually delivered to the Commissioner of Correction. The IGO has no record that any of the ARPs were appealed to the IGO.

On January 17, 2017, Dietrich filed this Complaint pursuant to 42 U.S.C. § 1983. The Complaint alleges that JCI subjected Dietrich to unsafe conditions, that Defendants ignored his complaints about those conditions, and that he was injured as a result of Defendants' negligence. Dietrich further alleges that he was offered video games in exchange for not pursuing his grievances. Dietrich seeks an unspecified amount in compensation for his injuries.

## DISCUSSION

In their Motion, Defendants seek dismissal of the Complaint or summary judgment in their favor on several grounds, including that: (1) JCI is not an subject to suit under § 1983; (2) the Individual Defendants are entitled to Eleventh Amendment immunity for claims in their official capacity; (3) Dietrich failed to exhaust available administrative remedies; and (4) Dietrich fails to state a plausible Eighth Amendment claim.

3

## I. Legal Standard

Because Defendants have submitted evidence for the Court's review, and because Dietrich has not requested an opportunity for discovery, the Motion is construed as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). Under Federal Rule of Civil Procedure 56(a), the Court grants summary judgment if the moving party demonstrates there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In assessing the Motion, the Court views the facts in the light most favorable to the nonmoving party, with all justifiable inferences drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The Court may rely only on facts supported in the record, not simply assertions in the pleadings. *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003).

The nonmoving party has the burden to show a genuine dispute on a material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Id.* at 248-49. If "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," then a dispute of material fact precludes summary judgment. *Id.* at 248; *see Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013). However, summary judgment is appropriate if the evidence "is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 252. "[T]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" to preclude summary judgment. *Id.*

## II. JCI

JCI argues that it is not a proper defendant in this case because it is not a "person" for purposes of 42 U.S.C. § 1983. Section 1983 makes liable "[e]very person" who, under color of state law, deprives an individual of federal rights. 42 U.S.C. § 1983 (2012). State agencies are not persons within the meaning of the statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Because JCI is a unit of the Maryland Department of Public Safety and Correctional Services, it is not a person amenable to suit under § 1983. *See Clark v. Md. Dep't of Pub. Safety & Corr. Servs.*, 316 F. App'x 279, 282 (4th Cir. 2009) (holding that the Maryland Department of Public Safety and Correctional Services is not amenable to suit under § 1983); *Allison v. Cal. Adult Auth.*, 419 F.2d 822, 822-23 (9th Cir. 1969) (holding that a state prison is not a person under § 1983). Dietrich's claim against JCI is therefore dismissed with prejudice. *See U.S. Airline Pilots Ass'n v. Awappa, LLC*, 615 F.3d 312, 320 (4th Cir. 2010) (stating that when any alteration to a cause of action would be "futile" and have "no impact on the outcome of the motion to dismiss," the district court need not grant leave to amend).

## III. Eleventh Amendment Immunity

The Individual Defendants assert that to the extent that Dietrich is suing them in both their official and individual capacities, the official capacity claims must be dismissed pursuant to Eleventh Amendment immunity.

The Eleventh Amendment to the United States Constitution provides that "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State." U.S. Const. amend. XI. In effect, the Eleventh Amendment bars suits for damages against a state in federal court unless the state has waived its

sovereign immunity or Congress has abrogated its immunity. *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will*, 491 U.S. at 71. Thus, states and their officers, sued in their official capacities, are not "persons" subject to suit for money damages under § 1983. *Id.* at 70.

Although the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. Code Ann., State Gov't §12-202(a) (2015), it has not waived its immunity under the Eleventh Amendment to a suit of this kind in federal court. Because the Individual Defendants were state employees at the time in question, Dietrich's damages claims against them in their official capacities for damages are barred by the Eleventh Amendment.

## IV. Exhaustion of Administrative Remedies

The Individual Defendants assert that the claims against them in their individual capacities must be dismissed because Dietrich failed to exhaust administrative remedies. *See Ross v. Blake,* \_\_U.S. \_\_, 136 S. Ct. 1850, 1858 (2016) (An inmate "must exhaust available remedies, but need not exhaust unavailable ones."). Under the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134 § 803, 110 Stat. 1321 (1996) (codified as amended at 42 U.S.C. § 1997e(a)):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). A prisoner's failure to exhaust administrative remedies is an affirmative defense, and the defendant bears the burden of proving that the prisoner had available remedies but failed to take advantage of them. *Jones v. Bock,* 549 U.S. 199, 216 (2007); *Moore v. Bennette,* 517 F.3d 717, 725 (4th Cir. 2008). This exhaustion requirement serves a valuable function by "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones,* 549 U.S. at 219. Inmates must exhaust administrative remedies before they bring any "suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002).

Exhaustion is mandatory and generally may not be excused unless the administrative procedure is not available. *Ross,* 136 S. Ct. at 1862. "[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore,* 517 F.3d at 725. In *Ross,* the United States Supreme Court identified three circumstances in which an administrative remedy is unavailable. An administrative procedure is not available when officers are consistently unwilling or unable to provide relief to aggrieved inmates, the procedure is so opaque that it is practically incapable of use, or prison administrators actively thwart inmates from filing grievances. *Ross,* 136 S. Ct. at 1859-60.

In Maryland, the Administrative Remedy Procedure ("ARP") is the administrative process that must be exhausted. First, a prisoner must file a complaint, known as an "ARP," with the warden of the prison within 30 days of the incident or when the prisoner gains knowledge of the injury giving rise to the complaint. *See* Md. Code Regs. ("COMAR") §§

7

12.07.01.04 – 05.A. (2017). Second, if the ARP is denied, a prisoner must file an appeal with the Commissioner of Correction within 30 days. COMAR § 12.07.01.05.C. If the appeal is denied, the prisoner must appeal within 30 days to IGO. *See* Md. Code. Ann., Corr. Servs. §§ 10-206, 10-210 (West 2002); COMAR §§ 12.07.01.03, 12.07.01.05.B. Inmates may seek judicial review of the IGO's final determinations in a Maryland Circuit Court. Md. Code Ann., Corr. Servs. § 10-210.

Defendants allege that Dietrich did not complete all required steps of the ARP process. Although Dietrich filed an ARP describing his injuries and asserting grievances on April 27, 2016, and appealed the denial of that ARP to the Commissioner of Correction, Dietrich never appealed that denial to the IGO. The Executive Director of the IGO has submitted a declaration stating that Dietrich "has not filed" any grievances with the IGO. *See* Neverdon Decl. ¶ 3, Mot. Dismiss Ex. 6, ECF No. 11-8. Dietrich has offered no evidence to refute the Government's evidence on this point. Thus, none of Dietrich's ARPs relating to this incident were appealed to the IGO. Accordingly, the Court finds that Dietrich failed to exhaust administrative remedies on the claims against the Individual Defendants in their individual capacities and will thus grant the Motion for Summary Judgment.

## V.     Eighth Amendment

Even if Dietrich had properly exhausted his federal claim, the Court would still dismiss it because he has failed to establish a genuine issue of material fact on his § 1983 claim. Where Dietrich is an inmate complaining of an injury occurring in a prison, his § 1983 arises under the Eighth Amendment to the United States Constitution. "The Eighth Amendment's prohibition on 'cruel and unusual punishments' imposes certain basic duties on prison officials." *Raynor v. Pugh*, 817 F.3d 123, 127 (4th Cir. 2016). Among those duties are "maintaining humane

conditions of confinement," including by taking "reasonable measures to guarantee the safety of the inmates." *Id.* A two-part inquiry that includes both an objective and a subjective component must be satisfied before liability is established. *Id.*

Objectively, the prisoner "must establish a serious deprivation of his rights in the form of a serious or significant physical or emotional injury." *Danser v. Stansberry*, 772 F.3d 340, 346-47 (4th Cir. 2014). The Court must "assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Helling v. McKinney*, 509 U.S. 25, 36 (1993).

Subjectively, a plaintiff must establish that the prison official involved had "a sufficiently culpable state of mind" amounting to "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A prison official must have actual knowledge of an excessive risk to the prisoner's safety but nevertheless disregard it. *Id.* at 837. Such knowledge can be established by a showing that the official was aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, and that the official actually drew that inference. *Id.* at 837. A plaintiff may "prove an official's actual knowledge of a substantial risk 'in the usual ways including inference from circumstantial evidence" such that "'a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Raynor*, 817 F.3d at 128.

Defendants have submitted declarations from four Defendants in which they state that Dietrich never complained to them about the light fixture in his cell. *See* Kivyatu Decl. ¶ 4, Mot. Dismiss Ex. 1, ECF No. 11-3; Jordan Decl. ¶ 4, Mot. Dismiss Ex. 2, ECF No. 11-4; Rowland Decl. ¶ 4, Mot. Dismiss Ex. 3, ECF No. 11-5; Mooney Decl. ¶ 4, Mot. Dismiss Ex. 4, ECF No. 11-6. In failing to respond to the Motion, Dietrich has not presented his own declaration, or any

other evidence, to refute these assertions. Nor has he offered evidence that would establish that failing to move Dietrich to another cell was sufficiently egregious to establish an Eighth Amendment violation. Where Dietrich has not presented evidence to establish a genuine issue of material fact on whether Defendants were aware of an excessive risk to inmate safety from the light but failed to act on it, the Court will grant summary judgment to Defendants on the Eighth Amendment claim. For the same reasons, Lt. Carlyl would have been entitled to summary judgment had he been served. Because Defendants are entitled to summary judgment, the Court declines to address Defendants' qualified immunity argument.

## VI.  Negligence

Although Dietrich filed his claim on a § 1983 form, he refers in his Complaint to "negligence" by Defendants. Compl. at 8, ECF No. 1. To the extent that the Complaint could be construed to assert a common law negligence claim, the Court will dismiss it for lack of subject matter jurisdiction. As discussed above, the Court finds that the federal claims must be dismissed. A federal court may decline to exercise supplemental jurisdiction over state law claims where it has dismissed the federal claim. 28 U.S.C. § 1367(c)(3) (2012). Particularly where the case has not proceeded to discovery, the Court will decline to exercise supplemental jurisdiction over any negligence claim, which will be dismissed without prejudice. *See Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Because the state law claim will not be adjudicated here, this Court need not consider whether it complies with the Maryland Local Government Tort Claims Act.

## CONCLUSION

For the foregoing reasons, Defendants' Motion is GRANTED. A separate Order shall issue.

Date: January 17, 2018

/s/ Theodore D. Chuang
THEODORE D. CHUANG
United States District Judge